J-S37008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEE RICHARD ENDERLE :
:
Appellant : No. 1402 EDA 2021

Appeal from the Order Entered June 28, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002900-2013

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED MARCH 28, 2022**

Lee Richard Enderle appeals *pro se* from the order entered on June 28, 2021 in the Chester County Court of Common Pleas, which denied his motion for release of evidence for DNA testing. We affirm.

On August 13, 2013, Enderle was arrested and charged with criminal attempt to commit aggravated indecent assault, indecent assault of a child, criminal solicitation to commit indecent assault of a child, luring a child into a motor vehicle or structure, two counts of corruption of minors, indecent exposure, and endangering the welfare of children.

---

[*] Former Justice specially assigned to the Superior Court.

On August 7, 2014, following a jury trial, Enderle was found guilty of all counts.[1] On March 6, 2015, the trial court sentenced Enderle to an aggregate term of eight to sixteen years' incarceration. His post-sentence motions were denied. Enderle then filed a direct appeal, which was later discontinued at Enderle's request.

On October 7, 2016, Enderle filed a *pro se* motion to preserve evidence, seeking to preserve the victim's underwear for further forensic testing. On November 23, 2016, Enderle filed a *pro se* ex parte application for forensic testing of the underwear. Specifically, Enderle acknowledged that DNA testing had been performed on the undercarriage of the underwear during trial, but claimed that DNA testing of the waistband of the underwear was necessary to exonerate him. On December 5, 2016, upon agreement of the Commonwealth, the court granted the motion to preserve the victim's underwear until further order of court. On February 3, 2017, after a hearing, the trial court denied the request for forensic testing and dismissed the motion. Enderle did not appeal.

On April 20, 2017, Enderle filed a *pro se* PCRA petition raising multiple issues, none of which were relevant to DNA testing. On March 5, 2020, after

_____

[1] After the trial, but prior to sentencing, Enderle filed a *pro se* PCRA petition. The petition was ultimately dismissed without prejudice, as premature. Enderle also later filed a *pro se* motion for appointment of counsel to assist him in filing a PCRA petition. The PCRA court again dismissed the motion as premature, as no current PCRA petition was pending, and pursuant to Pa.R.Crim.P. 904, counsel will only be appointed after a PCRA petition is filed.

numerous filings from both sides, the trial court granted in part, and denied in part, Enderle's PCRA petition. Specifically, the trial court granted the petition with respect to Enderle's sexually violent predator status, and ordered that new sexual offender instructions be given to Enderle. The trial court denied the rest of the claims in the petition. On appeal, we reversed the PCRA's court's ruling and remanded for determination of an issue not relevant to this appeal.[2]

On June 17, 2021, Enderle filed a *pro se* motion for release of evidence for DNA testing, essentially reiterating his request from October 2016. The trial court denied the motion. This timely appeal followed.

On appeal, Enderle claims the trial court erred in denying his motion for release of evidence for DNA testing.

Section 9543.1 of the PCRA controls post-conviction requests for DNA testing.

> An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court *at any time* for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

42 Pa.C.S.A. § 9543.1 (emphasis added).

---

[2] Specifically, we held that the PCRA court erred in failing to hold a hearing on Enderle's claim that trial counsel violated Enderle's Sixth Amendment rights by conceding, in closing arguments, that the Commonwealth had established his guilt as to some, but not all, of the charges against him. **See Commonwealth v. Enderle**, 971 EDA 2020 (Pa. Super. filed May 14, 2021) (unpublished memorandum).

We review the PCRA court's denial of Enderle's petition for an error

of law:

> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

**Commonwealth v. Walsh**, 125 A.3d 1248, 1252-53 (Pa. Super. 2015)

(citation omitted).

Section 9543.1 sets forth several threshold requirements to obtain DNA

testing. **See** 42 Pa.C.S.A. § 9543.1:

> (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency.
>
> …
>
> The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction. The statutory standard to obtain testing requires more than conjecture or speculation; it demands a *prima facie* case that the DNA results, if exculpatory, would establish actual innocence.

**Id**. at 1254-55 (citations omitted). Further, while motions for DNA testing

under Section 9543.1 are not subject to the PCRA's one-year time bar, the

statute does require that the request is timely. **_See_** 42 Pa.C.S.A. § 9543.1(d)(1)(iii). In analyzing timeliness for purposes of Section 9543.1(d)(1)(iii), the court must consider the facts of each case to determine whether the applicant's request for post-conviction DNA testing is to demonstrate his actual innocence or to delay the execution of sentence or administration of justice. **_See Walsh_**, 125 A.3d at 1255 (citing **_Commonwealth v. Edmiston_**, 65 A.3d 339, 357 (Pa. 2013)).

Here, Enderle's trial took place in 2014. At trial, the Commonwealth introduced substantial testimony concerning Enderle's assault on the victim and admitted the victim's underwear into evidence. Importantly, DNA testing was performed on the victim's underwear, although only on the undercarriage of the underwear. Therefore, DNA testing was available at the time of Enderle's trial, and the evidence Enderle seeks to have tested was available during the trial.

We ultimately find Enderle is unable to satisfy the threshold requirement of presenting a _prima facie_ case demonstrating actual innocence. As mentioned above, DNA testing was performed on another part of the victim's underwear. The results identified DNA from two male individuals, one of which did not contain enough information to make a comparison, and the other definitely did not belong to Enderle. Therefore, Enderle's conviction was proven _despite_ the lack of his DNA on the underwear, and despite the presence of another male's DNA. Accordingly, further testing of the underwear would

have no effect on proving Enderle's innocence, as DNA evidence was not relied on to convict him in the first place.

Further, we find Enderle's request for DNA testing is untimely pursuant to Section 9543.1(d)(1)(iii). DNA testing was clearly available at the time of Enderle's trial in 2014, and the evidence Enderle seeks to have tested was available prior to trial and throughout the trial. Nevertheless, Enderle did not seek further DNA testing of the underwear at the time of his trial, despite DNA testing already being performed on the underwear.

Further, while Enderle filed a request for DNA testing in 2017, he notably failed to appeal the denial of that request. Additionally, Enderle later litigated a PCRA petition in which he made no mention of DNA testing - either challenging the denial of his previous request, which included requesting funds from the court for DNA testing, nor raising a new request for DNA testing to be paid privately. No separate request for DNA testing was filed during the pendency of the PCRA proceedings either.

In light of Enderle's failure to seek additional DNA testing at the time of trial, his failure to appeal the denial of his first request for DNA testing in 2017, and his failure to seek DNA testing during the time period of his first PCRA proceedings, the record demonstrates that Enderle's motion for DNA testing is untimely for purposes of Section 9543.1(d). **See** 42 Pa.C.S.A. § 9543.1(d)(1)(iii).

We conclude Enderle failed to satisfy the threshold requirements to obtain DNA testing pursuant to Section 9543.1(a)(2). Specifically, he did not present a *prima facie* case of actual innocence pursuant to Section 9543.1(c)(3), and he failed to make his request for DNA testing in a timely manner pursuant to Section 9543.1(d)(1)(iii). Therefore, the PCRA court properly denied Appellant's motion for post-conviction DNA testing. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2022